Timothy J. Murphy, SBN (54200)
Alice S. Wang, SBN (228351)
Daniel J. Aguilar, SBN (256557)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California  94111-3712
Telephone:     (415) 490-9000
Facsimile:      (415) 490-9001

Attorneys for Sam's West, Inc. and Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA WARREN,<br><br>                    Plaintiff,<br><br>       v.<br><br>SAM'S WEST, INC. A Arkansas Corporation; WAL-MART STORES, INC. A Delaware Corporation<br><br>                    Defendants. | Case No.:  2:12-cv-02315-MCE-EFB<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PROTECTIVE ORDER**<br><br>Complaint Filed:     September 10, 2012<br>Trial Date:              June 30, 2014 |

Defendants Sam's West, Inc. and Wal-Mart Stores, Inc. (collectively "Defendants") and Plaintiff Linda Warren ("Plaintiff") (collectively "the Parties"), by and through their respective counsel of record, hereby enter into and stipulate to a Protective Order in the above referenced matter as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

1  to confidential treatment under the applicable legal principles.  The Parties further
2  acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not
3  entitle them to file confidential information under seal and proper procedures and protocol
4  under Local Rules, Court Rules and Civil Procedure must be followed if and when a party
5  seeks permission from the Court to file materials under seal.

6  **2.    DEFINITIONS**

7      2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of
8  information or items under this Order.

9      2.2 "<u>CONFIDENTIAL" Information or Items:</u> information (regardless of how it is
10 generated, stored or maintained) or tangible things that qualify for protection under Federal
11 Rule of Civil Procedure 26(c).

12     2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well
13 as their support staff).

14     2.4 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it
15 produces in disclosures or in responses to discovery as "CONFIDENTIAL."

16     2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the
17 medium or manner in which it is generated, stored, or maintained (including, among other
18 things, testimony, transcripts, and tangible things), that are produced or generated in disclosures
19 or responses to discovery in this matter.

20     2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to
21 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as
22 a consultant in this action.

23     2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House
24 Counsel does not include Outside Counsel of Record or any other outside counsel.

25     2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal
26 entity not named as a Party to this action.

27     2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this
28 action but are retained to represent or advise a party to this action and have appeared in this

1  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of
2  that party.

3      2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees,
4  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

5      2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery
6  Material in this action.

7      2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services
8  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
9  organizing, storing, or retrieving data in any form or medium) and their employees and
10 subcontractors.

11     2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as
12 "CONFIDENTIAL."

13     2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a
14 Producing Party.

15 **3.     SCOPE**

16 The protections conferred by this Stipulation and Order cover not only Protected
17 Material (as defined above), but also (1) any information copied or extracted from Protected
18 Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any
19 testimony, conversations, or presentations by the Parties or their Counsel that might reveal
20 Protected Material.

21 **4.     DURATION**

22 Even after final disposition of this litigation, the confidentiality obligations imposed by
23 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
24 order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
25 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
26 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this
27 action, including the time limits for filing any motions or applications for extension of time
28 pursuant to applicable law.

       (a)       The protection of this protective order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain confidential information.  As used herein, the term "confidential information" includes testimony and records, including but not limited to discovery responses, whether hardcopy or electronic, that contain confidential and/or proprietary trade secret information, including, but not limited to, technical and competitively-sensitive information protected by law, and information protected by California's constitution and common law right to privacy.  As set forth below, materials containing Confidential Information may be designated as "Confidential."  Such designation may be made by either Party or any non-party producing materials in this action ("Producing Party"), or may be made by a Party who determines, in good faith, that materials produced by a non-party contain confidential information ("Designating Party") even though not so designated by the Producing Party.

       (b)       In the event that additional parties join or are joined in this litigation, they shall not have access to materials designated as "Confidential" pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the Court their agreement to be bound by this Protective Order.

**5.    DESIGNATING PROTECTED MATERIAL**

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

1  unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are
2  prohibited.  Designations that are shown to be clearly unjustified or that have been made for an
3  improper purpose (e.g., to unnecessarily encumber or retard the case development process or to
4  impose unnecessary expenses and burdens on other parties) expose the Designating Party to
5  sanctions.  If it comes to a Designating Party's attention that information or items that it
6  designated for protection do not qualify for protection, that Designating Party must promptly
7  notify all other Parties that it is withdrawing the mistaken designation.

8  5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order
9  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
10 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly
11 so designated before the material is disclosed or produced.  Designation in conformity with
12 this Order requires:

13 (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
14 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
15 Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If
16 only a portion or portions of the material on a page qualifies for protection, the Producing Party
17 also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
18 margins).  A Party or Non-Party that makes original documents or materials available for
19 inspection need not designate them for protection until after the inspecting Party has indicated
20 which material it would like copied and produced.  During the inspection and before the
21 designation, all of the material made available for inspection shall be deemed
22 "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied
23 and produced, the Producing Party must determine which documents, or portions thereof,
24 qualify for protection under this Order.  Then, before producing the specified documents, the
25 Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected
26 Material.  If only a portion or portions of the material on a page qualifies for protection, the
27 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
28 markings in the margins).

STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PROTECTIVE ORDER

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

1  designation was not proper and must give the Designating Party an opportunity to review the
2  designated material, to reconsider the circumstances, and, if no change in designation is
3  offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to
4  the next stage of the challenge process only if it has engaged in this meet and confer process
5  first or establishes that the Designating Party is unwilling to participate in the meet and confer
6  process in a timely manner.

7       6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
8  intervention, the Designating Party shall file and serve a motion to retain confidentiality under
9  the Civil Local Rules within 21 days of the initial notice of challenge or within 14 days of the
10 Parties agreeing that the meet and confer process will not resolve their dispute, whichever is
11 earlier. Each such motion must be accompanied by a competent declaration affirming that the
12 movant has complied with the meet and confer requirements imposed in the preceding
13 paragraph. Failure by the Designating Party to make such a motion including the required
14 declaration within 21 days (or 14 days, if applicable) shall automatically waive the
15 confidentiality designation for each challenged designation.  In addition, the Challenging Party
16 may file a motion challenging a confidentiality designation at any time if there is good cause
17 for doing so, including a challenge to the designation of a deposition transcript or any portions
18 thereof.  Any motion brought pursuant to this provision must be accompanied by a competent
19 declaration affirming that the movant has complied with the meet and confer requirements
20 imposed by the preceding paragraph. The burden of persuasion in any such challenge
21 proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an
22 improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)
23 may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the
24 confidentiality designation by failing to file a motion to retain confidentiality as described
25 above, all parties shall continue to afford the material in question the level of protection to
26 which it is entitled under the Producing Party's designation until the court rules on the
27 challenge.
28 / / /

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for

1       this litigation and who have signed the "Acknowledgment and Agreement to
2       Be Bound" (Exhibit A);
3       (f) witnesses: this paragraph shall govern the disclosure of any materials
4       designated as Confidential to witnesses or potential witnesses either at
5       deposition, trial or through the Parties' own internal discovery efforts. If a
6       witness, potential witness, or any other person is being verbally questioned
7       about a document marked "CONFIDENTIAL" without looking at the document,
8       then there is no need to execute Exhibit A; (2) if a witness, potential witness, or
9       any other person is directly viewing a document marked "CONFIDENTIAL"
10      when verbally questioned formally at deposition, court hearing, or otherwise,
11      and/or when verbally questioned informally in the presence of one of the
12      Parties' counsel or all of the Parties' counsel, then s/he must execute Exhibit A;
13      and (3) if a witness, potential witness, or any other person at deposition, court
14      hearing, or otherwise refuses to sign Exhibit A, then the deposition, hearing, or
15      otherwise will continue and the witness may directly view documents marked
16      '"CONFIDENTIAL" without signing Exhibit A and the Parties by way of their
17      Counsel of Record will then stipulate to mark the record (e.g. deposition
18      transcript, hearing transcript, etc.) "CONFIDENTIAL," but such witness will
19      not be permitted to retain a copy of the document after the deposition or hearing.
20      (g) the author or recipient of a document containing the information or a
21      custodian or other person who otherwise possessed or knew the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

///

STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PROTECTIVE ORDER

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

1          (c) If the Non-Party fails to object or seek a protective order from this court within 14
2 days of receiving the notice and accompanying information, the Receiving Party may produce
3 the Non-Party's confidential information responsive to the discovery request.  If the Non-Party
4 timely seeks a protective order, the Receiving Party shall not produce any information in its
5 possession or control that is subject to the confidentiality agreement with the Non-Party before
6 a determination by the court. [1]  Absent a court order to the contrary, the Non-Party shall bear
7 the burden and expense of seeking protection in this court of its Protected Material.

8 **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
10 Material to any person or in any circumstance not authorized under this Stipulated Protective
11 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
12 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
13 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
14 made of all the terms of this Order, and (d) request such person or persons to execute the
15 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16 **11.     INADVERTENT     PRODUCTION     OF     PRIVILEGED     OR     OTHERWISE**
17 **         PROTECTED MATERIAL**

18          When a Producing Party gives notice to Receiving Parties that certain inadvertently
19 produced material is subject to a claim of privilege or other protection, the obligations of the
20 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This
21 provision is not intended to modify whatever procedure may be established in an e-discovery
22 order that provides for production without prior privilege review.  Pursuant to Federal Rule of
23 Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of
24 a communication or information covered by the attorney-client privilege or work product
25 protection, the Parties may incorporate their agreement in the stipulated protective order
26 submitted to the court.
27 / / /

28 [1]  The purpose of this provision is to alert the interested parties to the existence of confidentially rights of a Non-Party and to afford the Non-Party an opportunity to protect is confidentially interests in this court.

STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PROTECTIVE ORDER

**12.    MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rules, Courtroom Rules, and Code of Civil Procedure. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

1 contain Protected Material. Any such archival copies that contain or constitute Protected
2 Material remain subject to this Protective Order as set forth in Section 4 (DURATION).
3
4 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**
5
6 DATED: June 3, 2013                          THE VELEZ LAW FIRM
7
8
9                                              By: /s/ Mark Velez
                                                    Mark Peter Velez
10                                                  Karen Asplund Velez
                                                    Attorneys for Plaintiff
11                                                  Linda Warren
12
13 DATED:  June 3, 2012                         FISHER & PHILLIPS LLP
14
15
                                               By: /s/Alice S. Wang
16                                                  Timothy J. Murphy
                                                    Alice S. Wang
17                                                  Daniel J. Aguilar
                                                    Attorneys for Defendants
18                                                  Sam's West, Inc. and
                                                    Wal-Mart Stores, Inc.
19
20
21 **PURSUANT TO STIPULATION, IT IS SO ORDERED**.
22 Dated:  June 4, 2013
23                          _____
                            EDMUND F. BRENNAN
24                          UNITED STATES MAGISTRATE JUDGE
25
26
27
28

STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of ***Linda Warren v. Sam's West, Inc. and Wal-Mart Stores, Inc.***, **Case No.: 2:12-cv-02315-MCE-EFB,** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:   _____

Printed name: _____

Signature:     _____

---
EXHIBIT A